J. EDWARD EARLE v. WILLIAM E. GROVE, CIRCUIT JUDGE OF KENT COUNTY.

*Judgment creditor's bill—Amendment—Interest of debtor in decedent's estate—Equity jurisdiction—Garnishment.*

1. A Michigan corporation, having obtained a judgment against a debtor in New York upon personal service of process, filed a bill against the administrator of the estate of the debtor's father, in the county in which both parties resided, to reach the interest of the judgment debtor in the estate, in which suit he was made a party defendant, his residence being at the time in the state of Illinois. The bill averred the insolvency of the judgment debtor, and that complainant had no remedy at law against him, and prayed that a receiver be appointed to receive his interest in the estate, and apply it in satisfaction of the judgment. A demurrer was sustained, with leave to the complainant to amend its bill by averring that an execution had been issued and returned unsatisfied on the judgment in New York. And it is held that the amendment made no radical change in the controversy, and that it was proper, and within the discretion of the court.

2. The facts stated in head-note 1 are held to be sufficient to entitle the complainant to maintain its suit without the aid of How. Stat. § 6614, which provides that, whenever an execution issued on a judgment at law shall have been returned unsatisfied, the execution plaintiff may file a bill in chancery to compel the discovery of property belonging to the execution defendant, etc., which statute does not point out the only conditions of equitable relief in such cases, and is not a bar to such suit.

3. The reasons given in *White v. Ledyard,* 48 Mich. 264, why an administrator could not be garnished, namely, because not possessed of the requisite knowledge to make a disclosure, or,

if so possessed, that he could not bind the estate by such dis-
closure or admission, do not apply to a proceeding in equity
by a judgment creditor to reach the interest of an heir in the
estate.

*Mandamus.* Argued May 3, 1892. Denied June 10, 1892.

Relator applied for *mandamus* to set aside an order
allowing an amendment to a judgment creditor's bill. The
facts are stated in the opinion.

*W. W. Hyde,* for relator.

*Bundy & Travis,* for respondent.

MORSE, C. J. This is an application for a writ of
*mandamus* to set aside an order permitting the complain-
ant, in a case pending in the Kent circuit court, in
chancery, to amend the bill of complaint, and directing
that the temporary injunction issued upon the original
bill be continued until a final hearing of the cause.

The complainant, the Sligh Furniture Company,
obtained a judgment in the state of New York, in 1882,
for $979.06, against Lyman H. Kendall. At the time
the bill was filed Kendall lived in Illinois. His father,
Henry D. Kendall, died, and left an estate in Kent
county, Mich., of which the relator is administrator.
Lyman H. Kendall has an interest in said estate as heir
at law. The bill, as originally filed, averred the insolv-
ency of Lyman, and that the complainant had no remedy
at law against him, and prayed for an order that a
receiver be appointed to receive from the estate of said
Henry D. Kendall that portion of the estate belonging
to Lyman, to apply in satisfaction of said judgment.
The bill made Earle and Lyman H. Kendall defendants.
Upon the filing of such bill a preliminary injunction was
granted, restraining the relator from transferring or pay-
ing over to Lyman any portion or interest he might have

in his father's estate until complainant's debt should first be satisfied. Relator demurred generally to the bill. The circuit judge held the demurrer good, but gave leave to the complainant to amend its bill, and continued the injunction. This decision was announced orally January 4, 1892. No written order was made at that time. January 11, 1892, the parties, by their solicitors, appeared before the judge, and discussed the form of the order, and complainant's solicitors submitted their proposed amendments to the bill. On the 14th of the same month a written order was signed by the judge, and entered, sustaining the demurrer, but permitting the proposed amendments, and continuing the injunction. January 16 the relator moved to amend the order by striking out that part of it permitting the amendments and continuing the injunction, and inserting a direction therein that complainant's bill be dismissed, with costs to defendants. This motion was denied.

The objection made to the original bill was that it did not show that the complainant had exhausted its remedy at law. There was no averment in the bill that any execution had ever been issued on this judgment and returned unsatisfied. The circuit judge thought that this objection was good, but held that it was not necessary that the complainant obtain a Michigan judgment against Kendall, but that, if it had pursued its remedy at law under the New York judgment far enough to obtain an execution and return that it was unsatisfied, this would be a sufficient showing to authorize the filing and maintenance of the bill. The complainant contended in the court below that the facts averred that service of legal process upon Kendall could not be had in Michigan; that he had no property in this State, subject to attachment, garnishment, or any process from a court of law; and that he was insolvent, and had been

ever since the rendition of the New York judgment,— were sufficient to give the equity side of the court juris-diction, and to give complainant relief as prayed. The amendments to the bill, in substance, meet the objections of the circuit judge to the original bill, by alleging that an execution had been issued and returned unsatisfied on the New York judgment.

As the case is before us upon the amended bill, we do not consider it necessary to determine whether the origi-nal contention of the complainant was good, but will con-cern ourselves only with the question properly before us.

Relator's counsel contends:

1. That the amendments allowed entirely change the nature of the bill, and that, as there was found to be no equity in the first bill, the court had no jurisdiction to continue the injunction, or permit such a radical change in the character of the controversy.

2. That the bill is filed to do what might be done at law in ordinary cases by garnishment, but, inasmuch as an administrator cannot be garnished by law in this State, it is sought by this bill to obtain a garnishment in equity; and it is argued that, if it is against public policy to allow administrators to be garnished at law, there can be no good or valid reason why garnishment in equity should be permitted.

3. That the averments of the amended bill show that the execution was issued on said judgment in New York, September 5, 1882, placed in the hands of the sheriff September 11, 1882, and that it was returned unsatisfied September 13, 1882, which, under our laws, would not be sufficient, as said execution was made returnable 60 days from date.

In relation to this *third* contention, it is alleged in the bill that such return was sufficient, under the laws of New York, to maintain a creditors' bill, and it was not necessary that the sheriff should hold the execution until its return-day. This averment is sufficient to dispose of this point, so far as this motion is concerned.

As to the *first* point, we are of the opinion that the

amendment makes no radical change in the controversy, and that it was eminently a proper amendment, and within the discretion of the court. It is claimed by relator that the bill as originally filed proceeded on a theory outside of the provisions of How. Stat. § 6614, which reads as follows:

"Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant and any other persons to compel the discovery of any property or things in action belonging to the defendant, and of any property, money, or things in action due to him or held in trust for him, and to prevent the transfer of any such property, money, or things in action, or the payment or delivery thereof to the defendant, except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant."

That by the amended bill it is sought to bring the case within the statute; that there has been a change of front in the complainant as to its right to relief.

This is not so. It is true that the complainant based its claim for relief upon the general equity jurisdiction of the court, and upon the idea that, having no legal remedy, it was entitled to proceed against the interest of Lyman H. Kendall in his father's estate in equity. Complainant's bill was not planted on the statute; nor is relief sought by virtue of it in the amended bill. The amended bill simply goes further, and shows that before the filing of the bill the legal remedy had been exhausted, in addition to the fact that none existed at the time of commencement of the suit. The complainant claims that while the general rule in all the states, statute or no statute, is that there must be a judgment and a return

of execution unsatisfied before a resort can be had to equity, still, that there are, and always have been, exceptions to this general rule in special cases; as, where a judgment cannot be obtained because the debtor is dead, or has absconded, or removed from the State, or is a non-resident    This claim is supported by the following among other cases: *Scott v. McMillen,* 1 Litt. 302; *Anderson v. Bradford,* 5 J. J. Marsh. 69; *Kipper v. Glancey,* 2 Blackf. 356; *O'Brien v. Coulter,* Id. 421; *Pendleton v. Perkins,* 49 Mo. 565; *Peay v. Morrison's Ex'rs,* 10 Grat. 149; *Farrar v. Haselden,* 9 Rich. Eq. 331; *Bank v. Paine,* 13 R. I. 592; *Ginn v. Brown,* 14 Id. 524; *Bank v. Wetmore,* 124 N. Y. 241 (26 N. E. Rep. 548); *Pope v. Solomons,* 26 Ga. 541; *Greenway v. Thomas,* 14 Ill. 272.  See, also, Pom. Eq. Jur. § 1415, note.

The statute (section 6614, How. Stat.) cannot be said to point out the only conditions of equitable relief in cases of this kind.  If it should be held to apply only to home judgments, as the New York statute, of which ours is a copy, has been interpreted in that state (*Tarbell v. Griggs,* 3 Paige, 207), it would not, in our opinion, bar equitable relief in cases where a compliance with the statute was rendered impossible by the death, absconding, or removal from the State, or non-residence of the debtor. Here the amended bill avers a judgment regularly obtained upon personal service in New York, and an exhaustion of the legal remedies in that state; that Kendall is insolvent, and a non-resident of this State; that the fund sought to be reached to satisfy the debt is here within the jurisdiction of the court where the bill has been filed, and that there is no way in law in which to reach such fund.  This would be sufficient to maintain the suit if we had no statute, and the statute does not forbid it.

*Second.* We have held that an administrator could not be garnished, because he would not have the requisite knowledge to make a disclosure, and, if he did, he could not bind the estate by any admission or disclosure he might make. *White v. Ledyard,* 48 Mich. 264. These reasons do not apply to a proceeding in equity.

The writ is denied.

McGRATH, LONG, and GRANT, JJ., concurred.

MONTGOMERY, J., did not sit.