### ARCHER v. LAIDLAW.

ATTACHMENT—NONRESIDENTS—FRAUDULENT CONVEYANCES—JURISDICTION.

   Under 3 Comp. Laws, §§ 10556, 10559, authorizing an attachment where the debtor has disposed of any of his property with intent to defraud creditors, and the levy of the writ on any property of defendant not exempt from execution; and section 9167, providing that lands fraudulently conveyed may be levied on and sold under execution,—jurisdiction in attachment against a nonresident debtor may be acquired by levy of the writ on lands alleged to have been fraudulently conveyed by him.

Appeal from Wayne; Frazer, J. Submitted November 19, 1901. Decided December 30, 1901.

Bill by John Archer and John C. McDonald against Thomas Laidlaw, James R. Laidlaw, Ada G. Strachan, and the Springfield Savings Bank in aid of execution. From an order overruling her demurrer to the bill, defendant Strachan appeals. Affirmed.

*Flowers & Moloney*, for complainants.

*William Stacey*, for appellant.

MOORE, J. This is a bill in aid of execution. The substance of it is that November 29, 1899, the complainants commenced a suit by attachment against the defendants Thomas and James R. Laidlaw; that a levy was made upon certain real estate described in the bill; that no personal service was had upon the Laidlaws, for the reason that the sheriff could not find them; that afterwards personal service was had upon one of them in Canada, and upon the other in New York; that in April, 1900, a judgment was rendered in favor of complainants against the Laidlaws for upwards of $700; that an execution was issued upon said judgment, and levied upon the same property upon which the attachment levy was made; that this attachment suit was begun to recover the amount of a judgment they had been compelled to pay as sureties upon a bond they had signed with said Laidlaws, dated July 10, 1897. The bill alleges that, when the suit was started against the complainants and the Laidlaws, James R. Laidlaw was the owner of certain real estate;—

"That on the 15th day of April, 1899, the said defendant James R. Laidlaw conveyed said property by deed to the defendant Ada G. Strachan, which deed was recorded in the office of the register of deeds for the county of Wayne on the 10th day of July, 1899, in Liber 527 of Deeds, on page 40.

"Your orators further show unto the court that said deed so made and executed by said James R. Laidlaw to said Ada G. Strachan was made, executed, and delivered without consideration, and in fraud of the rights of your orators, and for the purpose of preventing the plaintiffs in

said suit upon the bond, and your orators as sureties, from levying on said property for the purpose of satisfying said judgment, and that said deed was executed under a conspiracy between the said. defendant James R. Laidlaw and the said defendant Ada G. Strachan for the purpose of defrauding your orators.

"Your orators further show that they are entitled to have said deed so made to Ada G. Strachan set aside and held for naught, and said property subjected to the levy of your orators on said property.

"Your orators further show that said James R. Laidlaw has no other property or effects in Wayne county out of which said judgment can be satisfied."

The bill prays that the deed to defendant Strachan may be held for naught as against the levy, and also has a general prayer for relief. The Springfield Savings Bank is made a party because it holds a mortgage upon the land.

The defendant Strachan demurred to the bill, which demurrer was overruled. There are several grounds of demurrer stated, but only one of them calls for discussion. It is as follows:

"The bill shows affirmatively that the judgment debtors are nonresidents of this State, and were at the time the complainants commenced their action at law; that said action was commenced by writ of attachment; that personal service of said writ was not had on any of the defendants therein; that said writ was not levied on any property within the jurisdiction of the court belonging to any of the defendants in said writ, but was in fact levied on property belonging to this defendant; that the writ of execution subsequently issued was levied on the same property, and while it still belonged to this defendant; that because of the foregoing facts the court acquired no jurisdiction to render judgment against any of the defendants in the attachment suit; that neither the attachment nor the execution was effective to create any lien upon the property mentioned in the bill of complaint; and that, therefore, the entire proceedings stated in the bill, and upon which the claim for relief is based, are void."

It is the claim of the solicitor that:

"The judgment upon which the bill is founded is absolutely void, for want of jurisdiction. That suit was com-

menced by writ of attachment against the two Laidlaws, and neither was personally served with process within the State of Michigan, or appeared in the case, nor was any levy made upon property belonging to either of them. Under these circumstances, the court had no jurisdiction to render a judgment."

It is said that as the real estate had been conveyed to defendant Strachan, and stood in her name upon the record, a levy upon it was not a levy upon property belonging to either of the defendants in the attachment suit, and therefore the court obtained no jurisdiction in the attachment suit; citing *Van Norman* v. *Jackson Circuit Judge*, 45 Mich. 204 (7 N. W. 796).

We think counsel has misapprehended the scope of that decision. It holds that, at the common law, shares of stock in a corporation are not liable to levy, and the right to levy upon shares of stock is conferred only by statute, and that the right to levy conferred by the statute is only when the *status* of the debtor is that of a stockholder.

Section 10556, 3 Comp. Laws, provides when an attachment may issue. It provides the writ may issue when "the defendant has assigned, disposed of, or concealed any of his property with intent to defraud his creditors." Section 10559 provides that "such writ shall command the sheriff, or other officer to whom it may be directed, to attach so much of the lands, tenements, goods, chattels, moneys, and effects of the defendant, not exempt from execution," etc. This statute was construed in *Avery* v. *Stephens*, 48 Mich. 246 (12 N. W. 211), where it was held that as the land, when the attachment levy was made, was subject to levy under an execution, by levying the attachment the lien against the land was preserved until the levy under the execution was made, and that the levy under the execution relates back to the time of the attachment, and holds the interest which the debtor had.

Section 9533, 3 Comp. Laws, provides, among other things:

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, * * * made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, * * * as against the persons so hindered, delayed, or defrauded, shall be void."

Section 9167 provides:

"All the real estate of any debtor, * * * including lands fraudulently conveyed with intent to defeat, delay, or defraud his creditors, * * * may be levied upon and sold on execution as hereinafter provided. * * * *Provided,* * * * that, in case of a levy upon the equitable interest of a judgment debtor, the judgment creditor may, before sale, institute proceedings in aid of said execution to ascertain and determine the rights and equities of said judgment debtor in the premises so levied upon. * * *"

In *Trask* v. *Green*, 9 Mich., at page 368, it is said:

"Where the title before the conveyance has been vested in the debtor himself, and he has conveyed for the purpose of defrauding his creditors, the right of creditors to levy and sell rests upon the ground that, the deed being void as to creditors, the legal title, as to them, still remains in the debtor, as if no conveyance had been made."

As section 9167 provides that real estate fraudulently conveyed may be levied upon and sold upon execution, and as section 10559 provides that the writ of attachment may be executed by attaching property not exempt from execution, we think the complainants are following the remedy plainly given them by the statute. See note to section 9533, 3 Comp. Laws.

The decree overruling the demurrer is affirmed, with costs.

The other Justices concurred.