BLISS v. TYLER.

1. Creditor's Suit—Bill in Aid of Execution—Attachment — Judgments.

Neither a creditor's bill nor a bill in aid of execution is sustainable upon a judgment in attachment against a nonresident, wherein the jurisdiction of the court depended on the debtor's ownership of the land attached and where the bill of complaint avers that legal title thereto was taken in the name of a third person, for the convenience of the debtor.

2. Same—General Relief.

A bill of complaint in which it is claimed that certain property of a nonresident debtor has been impounded by the creditor in attachment proceedings, cannot be sustained as a bill for impounding equitable assets based on the ground of continued absence from the State.

Appeal from Saginaw; Kendrick, J. Submitted October 21, 1909. (Docket No. 133.) Reargued January 5, 1910. Decided February 3, 1910.

Bill by Allaseba M. Bliss and Lorenzo T. Durand, executors of the last will and testament of Aaron T. Bliss,

deceased, against Carrie B. Tyler and Fred B. Tyler to set aside a deed, and for authority to sell said property under a *fieri facias.* From a decree overruling a demurrer to the bill, defendant Carrie B. Tyler appeals. Reversed, and remanded.

*John A. McKay* (*William J. Gray* and *Lorenzo T. Durand,* of counsel), for complainants.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon* and *George W. Weadock,* of counsel), for appellant.

OSTRANDER, J. The bill in this case was filed by Aaron T. Bliss in his lifetime, and the suit was continued in the names of his executors. The bill alleges that complainant obtained, July 3, 1906, a judgment in an attachment suit against the defendant Fred B. Tyler, in the circuit court for the county of Saginaw, for $16,685.91; that said Fred B. · Tyler, formerly a resident of Saginaw, has resided continuously for 10 years in the city of Paris, France, and has not meantime returned to the State of Michigan; that previous to the rendition of said judgment, Fred B. Tyler was the owner in fee simple of the real estate described in the bill; that title to said real estate was, for convenience, taken in the name of Silas W. Tyler, and that said Fred B. Tyler was the equitable, legal, and beneficial owner of said real estate; that said judgment remains in full force and effect; that complainant caused a writ of *fieri facias* to be issued and delivered to the sheriff, with instruction to levy upon the real estate and personal property attached in said judgment proceeding; that on July 3, 1906, the sheriff levied upon said real estate; that on February 4, 1904, the defendant Fred B. Tyler caused his agent and trustee, Silas W. Tyler, to make a conveyance in fee of said real estate to his wife, the defendant Carrie B. Tyler, also of France, for a pretended consideration of $1 and other valuable considerations; that said conveyance was a mere sham, made with intent to defraud complainant and other creditors of Fred B. Tyler; that Fred B. Tyler paid

the consideration for the deed to Silas, and that neither Silas nor Carrie B. Tyler paid anything for said conveyance; that said Carrie B. Tyler holds the land in trust for said Fred B. Tyler for his use and benefit, and for the purpose of preventing a levy and sale of the same under and by virtue of said execution; that said Fred B. Tyler has no personal or real estate in said State of Michigan, except the land and personal property described in said writ of attachment, upon which the sheriff could make a levy. Complainant prays for an answer under oath by the defendants, and that they answer several interrogatories specified therein; that the complainant be authorized to proceed on the said writ of *fieri facias*, and that the sheriff be directed to advertise and sell the said premises for payment and satisfaction of said judgment, and that said deed to said defendant Carrie B. Tyler be declared null and void. The defendant Fred B. Tyler did not appear, and an order *pro confesso* has been entered as to him. Defendant Carrie appeared and demurred to the bill, and the demurrer was overruled September 21, 1908. Her default for not answering was regularly entered November 11, 1908. Subsequently she attempted to appeal from the decree on demurrer to this court, and her appeal was dismissed because not taken in time (156 Mich. 640 [121 N. W. 292]). She then applied to the circuit court to extend the time for taking an appeal. An order was granted to that effect, and the case is now before us on her appeal.

She alleges eight grounds of demurrer, which may be considered under three heads:

(1) That the court had no jurisdiction to render the judgment at law.

(2) That the bill cannot be maintained as a creditor's bill because no execution was returned unsatisfied in whole or in part.

(3) That the bill cannot be maintained as one in aid of execution because the title of Fred B. Tyler to the land was equitable and not legal.

It appears that the judgment of complainants in the attachment proceedings is based, not upon any personal service of process, but upon the levy of the writ upon real estate. The judgment is not conclusive against the defendant Fred B. Tyler, and the execution issued to collect the same can be levied only upon the property attached. 3 Comp. Laws, § 10577. This was the practice pursued. Complainants do not occupy the position of judgment creditors who can find no property of the judgment debtor to satisfy their demand, and they have therefore no right, as judgment creditors, to a general discovery of concealed assets and equitable interests in property belonging to the debtor. The bill cannot be sustained as a judgment creditor's bill.

Nor can it be sustained as a bill in aid of execution. The execution does not run against the property of the debtor generally. The record title to the land levied upon was never in the debtor. The interrogatories, already referred to, require defendants to state whether Fred B. Tyler did furnish the money to Silas W. Tyler to purchase the premises; whether he instructed Silas W. Tyler to convey to defendant Carrie B. Tyler; whether Carrie paid anything for said conveyance. Complainants put in issue the essential fact upon which the judgment rests, namely, the ownership by defendant Fred B. Tyler of the premises attached. In other words, a judgment which can affect nothing but the land which has been attached, which is obtained by asserting that a particular person owns the land, is made the basis of a proceeding in equity to determine whether that person did own the land. It is a proceeding to determine whether the title to land rested where it had to rest in order to entitle complainants to the judgment. I do not understand how complainants can stand upon the judgment, and yet tender an issue upon the very fact upon which the judgment rests; nor how they are aided by the fact that the facts which are well pleaded are admitted by the demurrer.

As the case is presented upon general demurrer to the

bill, and the demurrer was overruled at the circuit, we have examined the allegations of the bill for the purpose of determining whether a case for equitable interference is made out. We have concluded that in its present form, although the appointment of a receiver is asked for, it cannot be sustained as a bill for the impounding of equitable assets of a debtor against whom, because of his continued absence from the State and residence abroad, no legal proceedings can be instituted. See *Earle* v. *Kent Circuit Judge*, 92 Mich. 285 (52 N. W. 615). A sufficient reason for this conclusion is that complainants allege that they have impounded the particular property, the title to which is in dispute, in legal proceedings, which have resulted in a judgment binding the property. The sixth ground of demurrer is good, and the demurrer should have been sustained.

The decree below is reversed, and a decree will be entered in this court sustaining the demurrer, remanding the record, and giving complainants 40 days in which to amend, if they desire to do so. Appellant, Carrie B. Tyler, will recover costs of both courts.

MONTGOMERY, C. J., and HOOKER, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.