HACKETT *v.* KENNING.

FRAUDULENT CONVEYANCES — CREDITOR'S SUITS — EXECUTION — EQUITABLE TITLE—ESTATES BY ENTIRETIES

Execution may be levied in attachment proceedings upon lands of the judgment debtor, which he held in his own name at the time he incurred the indebtedness sued upon, but which he fraudulently and without consideration conveyed to a third person thereafter, who conveyed it to the debtor and wife jointly: the deed being void as to creditors, left the legal title in the grantor as if no conveyance had been made, and a bill in aid of execution was properly brought to set aside the fraudulent conveyance.

Appeal from Kent; Perkins, J.  Submitted April 12, 1912.  (Docket No. 80.)  Decided May 31, 1912.

Bill by Richard H. Hackett against Martha A. Kenning and others in aid of an execution at law.  From an order overruling a demurrer to complainant's bill, defendant Martha Kenning appeals.  Affirmed.

*Cleland & Heald*, for complainant.

*Ellis & Ellis*, for defendant.

On January 21, 1910, defendant John E. Kenning was the owner in fee simple of a certain piece of real estate. On that day he and his wife, Martha A. Kenning (defendant), joined in a mortgage to defendant Kent State Bank upon which it is claimed $5,000 is due.  On October 17, 1910, the land was conveyed to defendant John G. Lee, who on the same day reconveyed it to the defendants Kenning or the survivor, thus creating an estate by the entireties.  On May 16, 1911, complainant caused a writ of attachment to issue out of the circuit court for Kent county, against the lands, goods, etc., of defendant John E. Kenning.  On the same day the sheriff of said county levied said writ upon the lands held by the defendants by the entireties, but never personally served the writ upon the defendant John E. Kenning.  On September 12, 1911, complainant took judgment in the attachment suit against defendant John Kenning in the sum of $1,083.67, and on the 25th of September, 1911, caused a writ of *fieri facias* to issue.  The sheriff made a levy under this writ the following day upon the lands covered by the attachment levy.

Complainant alleges in his bill of complaint that the several conveyances made by and to the defendants Kenning were not real, but were a mere sham made with the intention of defrauding complainant and other creditors of John E. Kenning, and, further, that said Kenning has no other personal or real estate subject to levy and sale.

Complainant further alleges that the indebtedness for which the judgment was rendered, accrued before the making of the deeds of October 17, 1910.   He prays:

"(*a*) That the defendant Kent State Bank may answer the following interrogatories:  (1) What is the amount of the indebtedness of the said defendant John E. Kenning to said defendant Kent State Bank claimed by the said Kent State Bank to be secured by the terms of said mortgage?  (2) When was said indebtedness incurred?  (3) What is the form of said indebtedness?  (4) What is the form of each item of said indebtedness, and when incurred?  (5) What was the consideration for each item of said indebtedness?

"(*b*) And that upon the hearing thereof the said conveyance from John E. Kenning and wife to John Lee, and from John G. Lee to John E. Kenning and Martha Kenning, his wife, or the survivor, including the deed thereof as to the complainant be set aside, vacated and declared null and void.

"(*c*) That upon the hearing  thereof the amount of the indebtedness of said John Kenning to the said Kent State Bank, which is a valid lien on said premises under said mortgage, prior to the lien of your orator, be determined, and that as to the excess thereof as to the complainant, said mortgage be set aside, vacated, and declared null and void.

"(*d*) That the complainant may be authorized to proceed upon his said writ of *fieri facias*, issued as aforesaid, or issue another writ thereon as it may deem necessary.

"(*e*) That the sheriff of said county be thereupon directed to proceed to levy upon, advertise, and sell said premises for the payment and satisfaction of your orator's said judgment, interest, and costs.

"(*f*) That your orator may have such other and further relief in the premises as equity may require and to this honorable court shall seem meet."

To the bill of complaint defendant Martha Kenning interposed a demurrer for the following reasons:

"(1) That the court had no jurisdiction to  render the judgment at law.

"(2) That the bill cannot be maintained as a creditor's bill, because no  execution was  returned unsatisfied in whole or in part.

" (3) That the bill cannot be maintained as one in aid of execution, because the title of John E. Kenning to the land was equitable, and not legal.

"(4) That it does not appear from the said bill of complaint that there was any personal service of the writ of attachment, issued against said John E. Kenning in said cause wherein judgment specified in said bill of complaint was taken, was ever served upon the defendant John E. Kenning, or that the circuit court for the county of Kent ever acquired jurisdiction to render the said judgment mentioned in said bill of complaint against the said defendant John E. Kenning.

"(5) Because it does not appear from said bill of complaint that any property belonging to said John E. Kenning and situated in the county of Kent, where said suit was instituted, was attached in said cause.

"(6) Because under the facts set forth in said bill of complaint any title to or interest which said defendant John E. Kenning might have in said lot 21, block 4, of Mills' addition to the city of Grand Rapids, Mich., could only be reached by a creditor's bill, and it does not appear from the bill of complaint herein that any execution against said John E. Kenning has been issued on said judgment and returned unsatisfied prior to the filing of this bill of complaint."

Defendant's demurrer having been overruled, she appeals.

BROOKE, J. (*after stating the facts*). Under the facts set out in the bill of complaint, which, under the demurrer, must be taken as true, for the purpose of this determination, it appears:

(1) That defendant John Kenning, while the holder of the legal and equitable title to the lands in question, became indebted to the complainant in the sum now represented by the judgment.

(2) That he caused the conveyances in question to be made with the intention of defrauding complainant and his other creditors.

(3) That said conveyances were made without consideration.

(4) That the estate by the entireties, thus apparently created by the fraudulent deeds, never in fact existed;

but the legal title remained, as it was before their execution, in John E. Kenning.

This case is clearly within the decision of this court in *Archer* v. *Laidlaw*, 129 Mich. 198 (88 N. W. 465). The arguments and citations supporting that decision need not be here repeated. The late case of *Bliss* v. *Tyler*, 159 Mich. 502 (124 N. W. 560), is to be distinguished from the case at bar, in that the legal title to the lands attached in that case never was held by defendant Tyler. In the case of *Trask* v. *Green*, 9 Mich. 358, the legal title to the property in question never was in the judgment debtor, and the bill was dismissed, but the court said:

"Where the title before the conveyance has been vested in the debtor himself, and he has conveyed for the purpose of defrauding his creditors, the right of creditors to levy and sell rests upon the ground that, the deed being void as to creditors, the legal title, as to them, still remains in the debtor, as if no conveyance had been made."

The order overruling the demurrer is affirmed, with leave to defendant to answer within 15 days.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.