BRADFORD & CO. v. BAXTER.

1. ATTACHMENT — FRAUDULENT CONVEYANCES — IDENTITY OF PROPERTY—DESCRIPTION—AMENDMENTS.

On a bill in aid of execution to set aside a deed of certain lots as in fraud of creditors, an objection that the property sought to be attached was not properly described is without merit, where it appears that the description was the same as in the conveyances to defendants, that there is no question as to the identity of the property, and the plaintiff was, on an *ex parte* hearing of motion to amend, granted an order permitting the sheriff who served the writ of attachment to amend his return as to the description of the property levied upon.

2. SAME—AMENDMENTS—EX PARTE.

Amendments are permissible in attachment proceedings on *ex parte* application.

3. SAME—UNDIVIDED INTEREST—TITLE TO PROPERTY.

A bill in aid of execution will lie as to the undivided two-thirds interest in the attached property standing in the

name of defendant, but not as to the undivided one-third in the name of a third party.

4. SAME—FRAUDULENT CONVEYANCES—HUSBAND AND WIFE.

Evidence that at the time of defendant's marriage the wife had considerable property in her own right, that she loaned money to the husband in consideration of which the attached property was deeded to her, *held*, sufficient to sustain the decree of the court below dismissing the bill.

Appeal from Kent; Lamb, J., presiding. Submitted June 14, 1918. (Docket No. 20.) Decided September 27, 1918.

Bill in aid of execution by Bradford & Company against Frank C. Baxter and another to set aside a deed. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Cady & Andrews,* for plaintiff.

*Frank J. Powers,* for defendants.

STONE, J. The bill of complaint herein was filed in aid of execution, to set aside a deed executed by defendant Frank C. Baxter to his wife, Sadie S. Baxter, bearing date January 17, 1914. It appears from the record that growing out of a contract entered into between the plaintiff and defendant Frank C. Baxter, dated March 21, 1913, the latter became and was indebted to the plaintiff, and that on May 31, 1916, in the circuit court for the county of Kent, the plaintiff recovered a judgment against the said defendant Frank C. Baxter, in a suit in attachment, in the sum of $5,816.72 damages and costs taxed at $63.80.

At the time of the commencement of the attachment suit on December 22, 1915, the defendants were both nonresidents of this State, and the writ was served by attaching the following real estate in the city of Grand Rapids, county of Kent, viz., lot 19 and

the south 15 feet in width of lot 20, in block 6 of Wenham's addition to said city, and there was no personal service of the writ, but the required notice of attachment was given and proof filed therein, and there was no appearance in said attachment suit by the defendant therein, and judgment was taken by default.

After the entry of judgment, the issuing of execution thereon, and the levying thereof on the real estate attached, as shown by the certificate of levy under attachment, the plaintiff was, on an *ex parte* hearing of motion to amend, granted an order permitting the sheriff who served the writ of attachment to amend his return as to the description of property upon which the attachment was levied to read as follows:

"Lot 19 and the south 15 feet in width of lot 20, in block 6 of Wenham's subdivision of blocks 3 and 6, city of Grand Rapids, Kent county, Michigan."

At the time of the attachment aforesaid the title of record to the property described in the certificate of levy under attachment was in defendant Sadie S. Baxter, and had been continuously since January 17, 1914, and she had become possessed of said title on that date by virtue of the said deed of that date executed by said defendant Frank C. Baxter. Levy of execution on the property in question was made on July 29, 1916, and the bill herein in aid thereof, was filed September 12, 1916.

It appeared that the defendants were married to each other in June, 1911, and that prior to said marriage the defendant Sadie S. Baxter had been an actress, had received a good salary, and had accumulated a considerable sum of money, and it was undisputed that at the time of said marriage she was worth upwards of $10,000.

The plaintiff was a manufacturer of pennants and novelties at St. Joseph, Michigan, and the defendant

Frank C. Baxter was a dealer in advertising novelties, and the contract between the parties related to the sale of a large quantity of pennants. The learned circuit judge, who heard the case at the circuit, filed a written opinion, which is returned with the record, and from it we quote as follows:

"At the time the indebtedness from Frank C. Baxter to Bradford & Company, in the spring of 1913, accrued, and for some months prior thereto, defendant Sadie S. Baxter was a good-faith creditor of defendant Frank C. Baxter, and she so continued to be, and was such on the 17th day of January, 1914; and on the 17th day of January, 1914, the amount which the said Frank C. Baxter was indebted to said Sadie S. Baxter was reasonably commensurate with the value of the real estate in question herein; that while I am satisfied from the testimony that Frank C. Baxter intended to, and did what he could to delay and thwart the collection of any claim that the plaintiff may have against him, yet I am not satisfied from the proofs that defendant Sadie S. Baxter had any knowledge of just what Frank C. Baxter was doing, or what his intentions were in that regard. Sadie S. Baxter, being a creditor of Frank C. Baxter, at the time of the transfer, he was acting within his legal right in giving her the preference, without regard to his motive and without regard to the result. Sadie S. Baxter, being a creditor in an amount reasonably commensurate with the value of the real estate transferred, to avoid the conveyance the burden is on the plaintiff upon the whole case to establish, as a fact, that both grantor and grantee are guilty of the fraud complained of. In my judgment the burden has not been sustained."

In a supplemental opinion, referring to the sentence, "the burden is on the plaintiff, upon the whole case to establish," etc., the circuit judge said:

"What the court meant by the use of said expression is no more than this: That in the judgment of the court, the defendants had met the *prima facie* case of the plaintiff as to any connection of Sadie S. Baxter with the alleged fraud, by the greater weight

of the proofs, and that then the burden shifted to the plaintiff, and it had not sustained that burden, upon the case taken as a whole."

Some of the salient facts in the case should be stated. The paternal grandmother of Frank C. Baxter originally owned 19 lots on Burton avenue in Grand Rapids, and also the property in question located on Division street, and known as the Wenham's addition property. Under the grandmother's will the father of Frank C. Baxter had a life estate in this property. He died in 1909, and the said property came to Frank C. Baxter and his two brothers, Don and Solon, each having an undivided one-third interest therein. In July, 1911, Don had a third interest in the property in question, and also a third interest in the 19 lots. Frank C. had an equal interest in the same property. Solon, the other brother, had a third interest in the property in question, but no interest in the 19 lots, he having sold the same to his mother. Prior to 1911, Don had lived in the East and had been in the employ of Frank C. In 1910, Don became afflicted with tuberculosis and later came to Grand Rapids.

The defendants soon after their marriage, and in July, 1911, came to Grand Rapids where they found Don in bad physical and pecuniary condition. It was the claim of the defendants, and they testified, that desiring to aid Don, it was so arranged that defendant Sadie S. advanced $2,300 with which to purchase Don's interest in the property, it being understood that the interest should be conveyed to Sadie S. Instead of taking the deed in her name, Frank C. took the deed in his own name, but he claimed that he held it for Sadie S. They further testified that in August, 1912, defendant Sadie S. loaned to Frank C. Baxter $3,000 for which he was to deed to her his interest in the property. On July 9, 1913, defendant Frank C. Bax-

ter filed a bill against Solon for partition of the property in question. The bill was prepared and signed by his solicitor. It was therein stated that he owned at that time a two-thirds interest in the property, "that no person or persons other than your orator and the said Solon W. Baxter, Jr., have any interest or title to said lands or any part thereof, in possession, remainder, reversion or otherwise." Later, the date not appearing, Sadie S. Baxter was made a party complainant to the bill for partition, and she became the purchaser at a circuit court commissioner's sale, of Solon's interest, paying $1,500, an allowance being made of $446 on account of rent while the premises had been in the occupancy of Solon. This deed ran directly to her from the commissioner, and the sale appears to have been made on May 29, 1915.

Defendant Sadie S. was the owner of a valuable home in the city of Brooklyn, N. Y., when she married Frank C., upon which there was a considerable mortgage. It was the claim of both defendants that it was agreed between them that Frank C. should pay rent to Sadie S. for the use of her home at the rate of $65 a month, but that no rent had ever been paid. On January 12, 1914, the defendant Frank C. Baxter confessed two judgments in favor of defendant Sadie S. Baxter in the supreme court of New York, New York county, one in the sum of $2,200 said to be for money loaned in 1911 and 1913, and the other for the sum of $2,015 for rent of said home of Sadie S. Baxter. In her testimony the defendant Sadie S. Baxter appeared to have little knowledge or information relative to said judgments; but claimed that the matter had been attended to by her New York attorney, who advised such course. Five days after the entry of such judgments the deed of January 17, 1914, was executed by defendant Frank C. Baxter to her of the property in question, and the 19 lots. She claimed that while the

judgments had not been discharged or satisfied of record, they really were satisfied and paid by said conveyance. She made no claim to the 19 lots, and testified that she had no knowledge relating to said lots and did not know that they were included in her deed. Those lots were afterwards sold by defendant Frank C. and the proceeds used in the payment of a debt to his mother, and also in payment of alimony due the trustee of his former wife. The 19 lots are not here in question. A decree having been entered dismissing the bill of complaint with costs to the defendants, the plaintiff has appealed. Some objections to the jurisdiction of the court in the attachment case should be referred to. It is urged by defendant that the judgment was of no validity because the property sought to be attached was not properly described, and that the court had no power to grant the amendment which was ordered. It is of course elementary, that in such a case only the property attached can be levied upon and sold. (Section 13053, 3 Comp. Laws 1915.)

It should be stated that in the deed from Frank C. to Sadie S. as well as in the report of the commissioner, and in the deed from the circuit court commissioner to Sadie S. Baxter, the property was described in the same language as in the attachment levy. The primary object of a description is to identify the property. There seems to have been no question of the identity of the property. By the defendants in their answer and testimony the property is referred to in different ways: as the Wenham avenue property, as 412-414 Division avenue property, all said to be the same property that was in Wenham's addition. It is stated by plaintiff's counsel that there is but one lot 19 and but one lot 20 in Wenham's addition. The most that can be said from this record is that the contrary does not appear. Our statute of amendments is very broad. (Sections 12478-12481, 3 Comp. Laws 1915.)

It has been held that the statute of amendments applies to attachment proceedings. *Barber* v. *Smith,* 41 Mich. 138, 145. Amendments have been allowed in attachment proceedings on *ex parte* application. *Kidd* v. *Dougherty,* 59 Mich. 240. We think that the objection is without merit.

It is also urged that as the property attached did not stand in the name of Frank C. Baxter the judgment is a nullity. It will be noted that as to the undivided two-thirds of the property in question the title had been in Frank C. Baxter. As to the. undivided one-third the title had never been in his name, but went direct from Solon, by the circuit court commissioner to Sadie S. Baxter. Our statute provides that:

"All the real estate of any debtor * * * including lands fraudulently conveyed with intent to defeat, delay, or defraud his creditors * * * may be levied upon and sold on execution," etc. (Sec. 12897, 3 Comp. Laws 1915.)

As to the undivided two-thirds interest the point is not well taken. As to the undivided one-third, a bill in aid of execution would not lie. *Archer* v. *Laidlaw,* 129 Mich. 198; *Hackett* v. *Kenning,* 170 Mich. 583. See, also, *Bliss* v. *Tyler,* 159 Mich. 502, where the title to the lands attached had never been held by Tyler.

Upon the merits of the case the plaintiff's counsel strenuously insist that there was a conspiracy on the part of both defendants to defeat the claim of the plaintiff. There is much criticism of the testimony of the defendants as to the claimed bank deposits of Sadie S. Baxter and of the methods of proving them, in the use of memoranda, etc. We think, however, that there was competent evidence that Sadie S. was possessed of money and that it was deposited in banks, as claimed. One may testify that he is the owner of personal property without producing the bill of sale. Plaintiff

urges that it was improbable that Sadie S. Baxter had money in bank, while she was paying interest on a mortgage on her home. It is further urged that if any money was paid by Sadie S. to Frank C. it was a gift. It is true that in some instances Sadie S. used the expression that she "gave" Frank C. the money. Yet in the same connection she testified what was to be done by Frank C. and how the loans were to be paid. It is very evident that she was not a business woman, and was ignorant as to business methods. We are aware of the rule that in such cases the testimony of husband and wife should receive careful scrutiny. It is true that no charge was entered upon any book, either as to the loans or the rent. What was said in *Ullman* v. *Thomas*, 126 Mich. 61, at page 66, is appropriate here:

"True it is that the business was not conducted with the same care and business prudence that would be expected between business men or strangers; but it is not more unusual than is frequently found where the relation between the parties is that of husband and wife, and where the wife trusts the husband, so far as her business affairs are concerned; and, so far as she is concerned, it must be held that the transaction was an honest one, by which she intended to secure the payment and satisfaction of her debt, and did not intend to hinder, delay, or defraud the creditors of her husband."

The testimony was taken in open court, and the trial court had an opportunity to see the witnesses, and to judge of their appearance and fairness. That court has passed upon this testimony, accepting the theory and claim of the defendants, and we cannot upon this record say that the court below erred in believing that the defendant Sadie S. Baxter was a good-faith creditor of Frank C. Baxter. The language of Justice BROOKE in *Smith* v. *Tolman*, 166 Mich. 651, 653, is in point here.

After a careful consideration of the entire record, we have concluded, though with some hesitation, that the conclusion reached by the court below was correct. Its decree will be affirmed, with costs to the defendants.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred with STONE, J.

OSTRANDER, C. J. In my opinion, *Bliss* v. *Tyler*, 159 Mich. 502, denies the validity of the judgment in attachment, for which additional reason I concur in affirming the decree.