FIDELITY SAVINGS & LOAN ASSOCIATION, Appellant, v. REESE et al, Respondents.

(171 N. W. 812).

(File No. 4429.   Opinion filed April 1, 1919.)

1. **Fraudulent Conveyances—Foreign Insolvent Debtor—Attachment Suit Against Debtor and Alleged Fraudulent Grantee—Exhausting Legal Remedy, Whether Necessary Before Attachment Suit—Practice Construed—Issue.**

    Plaintiff sued in this state, demanding personal judgment against the insolvent non-resident husband defendant, and attached realty in this state alleged to have been fraudulently conveyed by husband to the defendant wife, and sought to have set aside such conveyance as fraudulent and void as to plaintiff, it being the only property in this state in which either defendant had any interest, summons having been published, and both non-resident defendants having entered appearance and contested the suit; the complaint alleging that issuance and levy of execution on the deficiency judgment previously recovered in a foreign state against the husband would be unavailing. Held, that plaintiff was not bound to exhaust his legal remedy by issuance of such execution on the foreign judgment and return thereof nulla bona before commencing present suit; that he might demand personal judgment against the debtor, and also litigate in the same suit the issue of fraudulent conveyance, and subject the attached realty to the judgment to be recovered. That the issue as to the validity of the conveyance is one solely between plaintiff and the defendant wife.

2. **Pleadings—Insolvency, Futility of Execution Levy—Failure to Deny Allegations, Effect Re Admission.**

    Where, in a suit to have declared invalid a conveyance by defendant husband to defendant wife, she failed to deny allegations of complaint that the husband was insolvent and that issue and levy of execution on a foreign judgment against him would have been of no avail, said allegations stood admitted by her.

3. **Fraudulent Conveyances—Insolvent Foreign Judgment Debtor, Execution Against, Before Creditor's Suit to Set Aside Fraudulent Conveyance—Legal, Equitable, Remedy, Rule, under Code.**

The rule that legal remedies must be exhausted before equity will entertain a suit to determine validity of transfer made by debtor, arose when courts of law and equity were separate, and rested upon two grounds: (1) That a judgment and execution returned unsatisfied was the best evidence of existence of the alleged debt; (2) That legal tribunals should adjudicate legal claims; and held, that the first ground fails when legal process is impossible, and that the second ground may be satisfied by a jury trial in the equity court re the legal claims; and the second ground has no standing where, as in this state, we have but one court affording both legal and equitable relief; that equity courts will take jurisdiction, as against non-residents, where there is no property in the state of which debtor ever had legal title, and therefore no chance to base judgment on constructive service resting on attachment.   So held, in a suit against an insolvent foreign judgment debtor, against him and his non-resident wife, for personal judgment against him and for adjudication of an alleged fraudulent transfer of realty in this state from husband to wife; that had not the husband appeared in the suit, the very jurisdiction of the court to render any judgment against him would have rested upon the fact, that as against plaintiff, the husband, was owner of the property attached—a fact which equity only can determine; that under our Code, we have but one form of action and one tribunal, and issues of an equitable and of legal nature may be embraced and determined therein; and trial court erred in its conclusion of law that plaintiff had no legal right or standing to attack said conveyance.

Appeal from Circuit Court, Charles Mix County.   Hon. ROBERT B. TRIPP, Judge.

Action by the Fidelity Savings & Loan Association, a corporation, against Edward Reese and Anna M. Reese, for personal judgment against the former, and to set aside an alleged fraudulent conveyance from Edward Reese to the co-defendant.   From a judgment for defendant, Anna M. Reese, and from an order denying a new trial, plaintiff appeals.   Reversed, and remanded for further proceedings.

*P. A. Hosford,* and *G. M. Caster,* (Edwin R. Winans, of Counsel), for Appellant.

*Lucius G. Nash,* and *French, Orvis & French,* for Respondents.

(1) To point one of the opinion, Appellant cited:

Dillon v. Horn, 5 How. Pr. 35; Quarl v. Abbett, 102 Ind. 240; Bank v. Eichmier, (Minn.), 133 N. W. 454; Coffey v. Mc-

Gahey, Mich., 148 N. W. 356; Case · v. Veauregard, 101 U. S. 688, 25 L. E. D. 1004; Sage v. Memphis & L. Railway Co., 125 U. S. 361.

Respondents cited:

Brumbaugh v. Jones (Nebr.),, 98 N. W. 54; Ladd v. Judson (Ill.), 51 N. E. 838; Weaver v. Cressman, (Nebr.), 33 N. W. 478; National Tube Works Co. v. Ballou, 146 U. S. 517, 36 L. Ed. 1070; Garner v. Second National Bank, 151 U. S. 433, L. Ed. 38, 223; Ladd v. Judson, 174 Ill. 314.

(3) To point three, Appellant cited:

First National Bank v. Eastman, 144 Cal. 487; 4 Cyc. 817; 2 R. C. L., page 332; 8 R. C. L. 21, 27; 12 R. C. L. 629, 635.

Respondents cited:

Sec. 2370, Rev. Civ. Code 1903.

WHITING, J. Defendants are husband and wife and, at all the times hereinafter mentioned, were residents of the state of Washington. In a foreclosure action in the state of Washington, plaintiff procured a money judgment against the husband upon which, after foreclosure sale, there remained a deficiency unpaid. The husband had, at one time, held the title to certain real property in this state, title to which he had conveyed to, and which still remains of record in, his wife. Plaintiff brought the present action setting forth the deficiency judgment it held against the husband; that defendants were residents of Washington; that the husband was insolvent; that an issuance and levy of an execution on the deficiency judgment would be of no avail or effect; that neither defendant had any other property in South Dakota than the property which the husband had conveyed to the wife, describing it; and that, for reasons set forth in such complaint, such conveyance was fraudulent and void as to this plaintiff. Plaintiff sought a money judgment; that the sale from the husband to wife be set aside and held for naught; and that it be permitted to sell said real property to satisfy the judgment recovered. There were certain allegations upon which a claim for money judgment against the wife was made, but we do not need to consider these, as it is undisputed that the wife was not personally liable for the judgment sued on. Plaintiff, at the time of commencing this action, sued out a writ of attachment which was levied on this

land.   It was through such attachment and publication of sum-
mons that plaintiff sought to give the court jurisdiction herein.
The trial court made findings and conclusions and entered judg-
ment thereon in favor of the defendant wife.   From such judg-
ment and an order denying a new trial this appeal was taken.

The trial court refused several findings requested by appel-
lants and made some findings to which exceptions were taken.   It
is conceded by respondent that the evidence sustained certain of
the   requested   findings   and   that   the   findings   as   made
are   not   in   all   respects   supported   by   the   evidence.   It
contends   that   these   errors   in   the   findings   are   immaterial
in   view   of   one   of   the   conclusions   entered   by   the   trial
court.   The trial court concluded that the plaintiff "had no legal
standing or right * * * to attack on any ground the conveyance of
said property" from the husband to the wife. It is because of this last
conclusion that respondent contends that any errors as to findings
were immaterial.   It is certainly true that any finding, as to any
alleged fact upon which the invalidity of the conveyance from hus-
band to wife is based, is absolutely immaterial if this conclusion
is sound.   We might be left somewhat in doubt as to the basis of
this conclusion were it not for the concession in respondents' brief.
Respondents state that the conclusion reached by the court was
based upon the theory that appellant was not entitled to bring an
action testing the validity of the conveyance from the husband to
the wife until it had exhausted all of its legal remedies.   It seems
to be respondents' position that it was incumbent upon the plain-
tiff to have brought an action against the husband alone (in which
it might have attached the land in question) ; and that, after hav-
ing procured a judgment against the husband, it might then bring
an action against the wife and, upon a showing that there was no
other property of the husband's out of which the judgment could
be satisfied, have the right to an adjudication that the conveyance
**was void as against plaintiff.**

[I] While appellant concedes that ordinarily, before a creditor
can attack a conveyance by the debtor as fraudulent, it must have
exhausted all its legal remedies against other property that the
**debtor may have had, it contends** that, under the facts pleaded, **it**
had the right to bring this action, joining both husband and wife

as defendants; and, in this action, recover, not only a money judgment against the husband, but also a judgment vacating the questioned conveyance and adjudging that the money judgment be satisfied out of the property in question.

[2] We think it too clear to admit of discussion that the issue as to the validity, as against appellant, of the conveyance in question, is an issue lying solely between appellant and the wife—the party claiming the property. The trial court found respondents to be residents of Washington and that appellant was entitled to the money judgment against the husband. It refused to find, though the proof thereof was absolute, that neither of the respondents had any other property in this state. The wife did not, in her amended answer, deny, and it therefore stood admitted by her (31 Cyc. 207; Calkins v. Seabury-Calkins Consol. Min. Co., 5 S. D. 299, 58 N. W. 797), that her husband was insolvent and that an issuance and levy of an execution on the Washington judgment would have been of no avail or effect. Both reason and authority support a holding that, under such facts, appellant was entitled to bring this action seeking a money judgment against the husband, and, as against the wife, a judgment that the conveyance under which she claimed was invalid as to appellant.

[3] The rule that legal remedies must be exhausted before equity will entertain an action to determine the validity of a transfer made by a debtor arose when the courts of law and equity were separate. It rested upon two grounds: That a judgment and execution returned unsatisfied was the best evidence of the existence of the debt claimed; that legal tribunals should adjudicate legal claims. Merchants' Nat. Bk. v. Paine, 13 R. I. 592. It was held in the above case that the first ground fails when legal process is impossible, and that the second ground may be satisfied by a jury trial in the chancery court of the legal claims. Certainly the second ground can have no standing whatever where, as in this state, we have but the one court affording both legal and equitable relief. Recognizing the propositions laid down in the above decision, we find chancery courts taking jurisdiction, as against non-residents, where there is no property in the state of which the debtor ever had legal title, and therefore no chance to base a judgment upon constructive service resting on attachment.

Such was the above case and that of McCartney v. Bostwick, 32 N. Y. 53. Undoubtedly the leading and most fully considered case on this question is that of Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476, 52 Am. Rep. 662. In that case, as in this, jurisdiction was acquired through attachment of the property alleged to have been wrongfully conveyed, and by publication of summons as to the debtor. The court in that case expresses a doubt whether the old rule prevails at all under the reformed system of procedure. But without deciding that fact, they say that it could not apply as against a nonresident debtor, because against such a debtor "the creditor could not obtain a personal judgment." In the case before·us, if the husband had not appeared and answered, the very jurisdiction of the court to render any judgment against the husband, and this not a personal judgment, would have rested upon the fact that, as against this appellant, the husband is the owner of the property, a fact which equity only can determine—in other words, without invoking the equity powers of the court, appellant had no effective remedy. Applying the words of the Indiana court to this case:

"If the stock [land] had remained in the name of Lefevre [the husband], then, perhaps, the writ of attachment would have accomplished all that was necessary, but it was in the name of the fraudulent assignee, and the creditor had a right to have this fraudulent assignee's colorable title overthrown and all questions of ownership settled, so that ultimately his rights might be fully vindicated.

"Suits to set aside fraudulent transfers of property are properly of equitable cognizance. This doctrine we have explicity affirmed by our decisions, that such suits must be tried by the court, and not by a jury. * * * But, under our Code, we have only one form of action and one tribunal, and while there may be issues in the same action of an equitable and legal nature, there is only one court for their trial, and hence they may be embraced in one action. We have, under this principle, held that a plaintiff may have an attachment and may also foreclose a mortgage. * * * Upon a like principle, it must be held that an attachment may issue in an action brought to set aside a fraudulent conveyance and subject to sale property fraudulently conveyed. It is,

indeed, impossible to conceive how it could be otherwise, since there is but one court, and parties are required, wherever practicable, to settle the entire controversy in one action.  * * * As the appellee [appellant] had a right to an attachment, and a right to have the fraudulent transfer set aside, his proceedings were well brought, and as the court had general jurisdiction of such subjects, and as notice was given as provided by statute, the judgment was proper.   The description of the property in the complaint brought the matter within the jurisdiction of the court; the notice by publication brought Lefevre [the husband] into court as to that property, and the appellant [the wife], having been notified and having appeared without objecting to the process, is bound by that judgment.

"* * * As the property is subject to attachment, the writ becomes a lien, and equity may interpose to remove impediments and make the lien perfect.   This is the ruling of the best reasoned cases, where the defendants are non-residents, even under the old system, and certainly must be the rule under our system."

See, also, cases cited in note to above case, 52 Am. Rep. pp. 673, 674.   Among other authorities directly in point are First Nat. Bk. v. Eastman, 144 Cal. 487, 77 Pac. 1043, 103 Am. St. Rep. 95, 1 Ann. Cas. 626; First Nat. Bk. v. Eichmeier, 153 Iowa, 154, 133 N. W. 454; Earle v. Grove, 92 Mich. 285, 52 N. W. 615; Coffey v. McGahey, 181 Mich. 225, 148 N. W. 356, Ann. Cas. 1916C, 923.   See also, extensive notes 66 Am. St. Rep. 271-290, especially page 289; 23 L. R. A. (N. S.) 1-123, especially page 85; and 1 Ann. Cas. 629, 630.

We therefore hold that the appellant, upon its pleading and also upon the facts proven, did have a legal standing and right in the trial court to attack the conveyance from respondent husband to his wife.

It seems apparent to us that—probably because of its erroneous conclusion as to the law—the trial court did not give as careful attention as it otherwise would to the evidence touching facts upon which appellant's claim for equitable relief was sought.   We are therefore of the opinion that justice demands that the judgment and order appealed from be reversed, and this cause be remanded to the trial court for further proceedings in accord with the views of this court.